UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PRICE,<br><br>                Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 09-7551-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On October 26, 2009, John Price ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on May 6, 2010. On July 8, 2010, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and the case remanded for further proceedings in accordance with law and with this Memorandum Opinion and Order.

## BACKGROUND

Plaintiff was 23 years old when he filed his application for SSI benefits on October 26, 2006. (AR 17, 22.) He was found to have the medically determinable severe impairments of gunshot wound, fractured tibia, right leg pain, and obesity. (AR 19.) Plaintiff has not engaged in substantial gainful activity since the application date. (Id.)

Plaintiff's claim was denied initially on March 23, 2007. (AR 17, 67-71.) He filed a timely request for hearing (AR 72), which was held before Administrative Law Judge ("ALJ") Stuart M. Kaye on December 17, 2008, in Los Angeles, California.[1] (AR 42-62.) Claimant appeared and testified. (AR 45-50.) Medical expert Dr. Arthur Brovinder and vocational expert ("VE") Sandra Troste also appeared and testified. (AR 51-61.)

The ALJ issued an unfavorable decision on January 9, 2009. (AR 17-24.) The ALJ determined that Plaintiff had several functional limitations, could not perform his past relevant work as a warehouse worker, and had the residual functional capacity ("RFC")[2] to perform less than the full range of sedentary work as defined in 20 C.F.R. § 416.967(a). (AR 20-22.) Nonetheless, based on the testimony of the VE, the ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff can perform and, therefore, he is not disabled. (AR 23.)

Plaintiff filed a timely Request for Review of Hearing Decision. (AR 12.) The Appeals Council denied review on June 23, 2009. (AR 6-9.) Thereafter, Plaintiff commenced the present action.

## DISPUTED ISSUE

As reflected in the Joint Stipulation, the sole disputed issue that Plaintiff raises as a ground for reversal is: Whether the ALJ properly considered Plaintiff's testimony.

---

[1] Hearings also were held on June 20 and September 12, 2008, but no substantive testimony was taken and the matter ultimately was continued to December 17, 2008. (AR 25-41.)

[2] Residual functional capacity is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla'. . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted). This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant

has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's RFC. 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

   The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given the RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

///
///
///
///

**DISCUSSION**

**A.    The ALJ Erred In Rejecting Plaintiff's Subjective Pain Testimony**

Plaintiff argues that the ALJ improperly rejected his subjective symptom testimony. Plaintiff is correct. The ALJ's rejection of Plaintiff's testimony was legally erroneous.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1281-82 esp. n.2 (9th Cir. 1996). If the claimant produces such evidence, the Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's subjective symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 949, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of his or her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

Plaintiff alleged severe pain in his leg. (AR 48-49.) Plaintiff testified that he was shot in the leg in October 2006, which fractured his tibia and required screws and a rod to be inserted surgically. (AR 47.) As a result, Plaintiff suffered from "a lot of pain" and walked with a limp. (AR 48.) He testified that the cold weather aggravated his pain. (Id.) He previously took Vicodin, but it caused an increased heart rate, so he discontinued using it.

(Id.)  Now he tries soaking, massaging, movement, elevation, and heat to alleviate pain and stiffening.  (Id.)  Plaintiff offered very little specific testimony regarding his pain and no testimony regarding the current effect of his pain on his daily activities.  The medical expert noted that there were no medical records after 2007.  (AR 50.)  Plaintiff testified that he had no medical insurance and went to County Hospital regularly to see a doctor.  (AR 49-50.)  He had been referred to a specialist, but did not go because it was in Lancaster, which was too far away.  (AR 50.)

     In his decision, the ALJ referred to a Pain Questionnaire and Exertional Daily Activities Questionnaire, completed by Plaintiff on December 4, 2006, and a Disability Report – Field Office, apparently completed near the time of Plaintiff's application, in which Plaintiff reported his then-current limitations, including daily pain, inability to walk, inability to complete household chores or run errands without assistance, and difficulty sleeping.  (AR 21, 171-76.)  These reports were more than two years old at the time of the hearing.  The ALJ also referred to Plaintiff's hearing testimony, as summarized above.

     The ALJ found that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms, but that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."[3]  (AR 21.)

---

[3] The ALJ assessed Plaintiff with the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 416.967(a).  The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently.  He can stand and walk for up to 2 hours in an 8 hour day; and sit for up to 6 hours in an 8 hour day; with normal breaks.  The claimant's pushing and pulling abilities are limited in the lower extremities to 20 pounds occasionally and 10 pounds frequently.  He can only occasionally climb a ramp or stairs.  The claimant cannot operate foot controls with th right lower extremity.  The claimant is also precluded from kneeling, crouching,
> (continued...)

The ALJ stated: "The record reveals that the claimant's impairments are consistent with the above residual functional capacity assessment, and therefore the claimant's impairments are not as severe as he alleges." (Id.)

There was no finding that Plaintiff was malingering. Thus, the ALJ was required to offer specific, clear and convincing reasons for rejecting Plaintiff's subjective pain symptoms. See Smolen, 80 F.3d at 1283-84. The ALJ's decision does not meet this high standard.

The sole reason articulated by the ALJ for rejecting Plaintiff's testimony regarding his disabling pain was that his symptoms were not supported by the medical evidence. (AR 21.) A claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p; see also 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."); Rollins, 261 F.3d at 857 (subjective testimony cannot be rejected solely based on lack of objective medical evidence); Reddick, 157 F.3d at 722 (same); Bunnell, 947 F.2d at 345 ("once the claimant produces objective evidence of an underlying impairment, and adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence"). Thus, the lack of objective medical evidence to support Plaintiff's subjective pain testimony, even if true, is insufficient as a matter of law as the sole basis to reject Plaintiff's testimony. The ALJ was required to articulate additional specific, clear and convincing reasons for disregarding Plaintiff's subjective symptoms.

---

[3](...continued)
crawling, or climbing ladders, ropes or scaffolds. Finally, the claimant must avoid concentrated exposure to hazards such as machinery and heights.

(AR 20.)

### B.     Duty to Develop the Record

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ has a basic duty to inform himself about facts relevant to his decision. Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring). The ALJ's duty to develop the record is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted). The ALJ's duty to develop the record exists even when the claimant is represented by counsel. Tonapetyan, 242 F.3d at 1150.

The Court already has found that the ALJ failed to consider properly Plaintiff's subjective symptom testimony. However, the evidence before the ALJ regarding Plaintiff's pain and the effect thereof was sparse, incomplete, and inadequate to allow for proper evaluation of Plaintiff's limitations due to pain. The ALJ was obligated to develop the record further.

### C.     Further Proceedings

When the Commissioner's decision is not supported by substantial evidence, the Court has the discretion to affirm, modify, or reverse the decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); see also McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). Where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

1     Here, remand is appropriate because there are outstanding issues that must be
2 resolved before a proper disability determination can be made.  See Vasquez v. Astrue, 572
3 F.3d 586, 593 (9th Cir. 2009).  The current record is insufficient as a basis for determining
4 the extent to which Plaintiff's pain presently impacts his ability to work.  Accordingly, remand
5 is appropriate to enable the ALJ to develop the record.

6     The ALJ must reconsider Plaintiff's subjective symptom testimony in accordance with
7 the legal standards set forth above.  See Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir.
8 2003).  The ALJ also must re-evaluate the medical opinions and records and revisit his RFC
9 assessment after he properly considers Plaintiff's subjective symptom testimony.  Additional
10 testimony of a vocational expert regarding the availability of jobs in light of Plaintiff's
11 limitations also will be required.  Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988);
12 Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985).

**ORDER**

14     IT IS HEREBY ORDERED that the Decision of the Commissioner of Social Security is
15 reversed and remanded for further proceedings consistent with law and this Memorandum
16 Opinion and Order.

17     LET JUDGMENT BE ENTERED ACCORDINGLY.

19 DATED: October 4, 2010                 */s/ John E. McDermott*
                                                       JOHN E. MCDERMOTT
20                                   UNITED STATES MAGISTRATE JUDGE